1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                  **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    DENNIS THOMAS,                          No.  2:21-CV-1638-TLN-DMC-P

12                    Plaintiff,

13         v.                                  <u>ORDER</u>

14    HERNANDEZ, et al.,

15                    Defendants.

16

17              Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18    42 U.S.C. § 1983.  Pending before the Court is Plaintiff's original complaint, ECF No. 1.

19              The Court is required to screen complaints brought by prisoners seeking relief

20    against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

21    § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22    malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23    from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24    the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

25    statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This

26    means that claims must be stated simply, concisely, and directly.  <u>See</u> <u>McHenry v. Renne</u>, 84 F.3d

27    1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the

28    complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

                                              1

1  rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege

2  with at least some degree of particularity overt acts by specific defendants which support the

3  claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

4  impossible for the Court to conduct the screening required by law when the allegations are vague

5  and conclusory.

6         Plaintiff names the following as defendants: (1) Hernandez; and (2) David.  See

7  ECF No. 1, pg. 1.  Defendant David is not mentioned elsewhere in the complaint.  Plaintiff

8  contends Defendant Hernandez, a correctional officer at High Desert State Prison, threw him on

9  the ground while handcuffed on October 12, 2020.  See id. at 3.

10        The Court finds that Plaintiff states a cognizable Eighth Amendment excessive

11  force claim against Defendant Hernandez.  The complaint fails to state a claim against Davis.  To

12  state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link

13  between the actions of the named defendants and the alleged deprivations.  See Monell v. Dep't

14  of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person

15  'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he

16  does an affirmative act, participates in another's affirmative acts, or omits to perform an act which

17  he is legally required to do that causes the deprivation of which complaint is made."  Johnson v.

18  Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the

19  involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of

20  Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to

21  each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v.

22  Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

23        Here, Plaintiff does not mention Davis outside the caption of the complaint.  The

24  complaint contains no factual allegations specific to Davis.  Plaintiff will be provided an

25  opportunity to amend or proceed on the original complaint as against Defendant Hernandez only.

26  / / /

27  / / /

28  / / /

2

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended complaint within 30 days of the date of service of this order.

Dated:  October 27, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE