UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS THOMAS, | Case No. 2:21-CV-01638-TLN-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| HERNANDEZ, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's first amended complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1

1   rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege

2   with at least some degree of particularity overt acts by specific defendants which support the

3   claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

4   impossible for the Court to conduct the screening required by law when the allegations are vague

5   and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff's complaint contains five claims and twenty defendants.  See ECF No. 17.  On October 12, 2020, Defendants Arredondo and Hernandez, correctional officers, escorted Plaintiff to his new housing block.  Id. at 4-5.  Plaintiff states that, while being escorted, he was informed that he was not going to the original housing block but was instead going to "B-Yard," where he has enemies.  Id. at 5.  Plaintiff claims he stopped walking after receiving this news to express his opposition to going to B-Yard.  Id.  According to Plaintiff, Arredondo threw Plaintiff face first into the ground, causing serious injuries to his face, shoulder, wrist, back, neck, arms, and feet.  Id.  Arredondo allegedly then climbed on top of him, pressing his knees into Plaintiff's neck and back, causing Plaintiff to lose consciousness.  Id.  When he regained consciousness, Arredondo was allegedly still on top of him, and a group of prison employees were surrounding them.  Id.  Plaintiff alleges that Defendants Cabrera and Rinaudo, correctional officers, and Saltsgayer, a registered nurse for the prison, were the only employees present.  Id. at 6.  However, Plaintiff also contends that twenty to thirty officers were surrounding him at that time.  Id. at 14.  Plaintiff claims that Saltsgayer performed a medical evaluation of him, but did so insufficiently because she cleared him to continue being escorted to B-Yard despite observing Plaintiff's extensive injuries.  Id. at 16.

Plaintiff filed a grievance about the incident.  Id. at 8.  Plaintiff claims that Defendant Arredondo retaliated against him by filing a false Rules Violation Report ("RVR") because of his grievance.  Id. at 8-9.  Plaintiff claims that Defendants Hernandez, Cabrera, Rinaudo, Silva, Mossman, Albonico, Sieberg, Watkins, Moseley, Pickett, Walter, Williams, Krause, Perry, Del Campo, Renner, Alkine, Sevy, and Wallace participated in the retaliation by

2

helping to cover up the truth of the event, including filing misleading or incorrect reports about the altercation and withholding video evidence of the attack. See id. at 5-12. While a disciplinary hearing took place regarding the RVR, Plaintiff charges that he was not notified of the hearing and was denied the opportunity to present evidence. See id. at 5-9, 12. As of November 16, 2021, Plaintiff claims he has not received medical treatment for the injuries he sustained on October 12, 2020. See id. at 15-17.

## II. DISCUSSION

Some of Plaintiff's claims are sufficiently pled and can proceed, however, most will be dismissed for reasons explained below. The Eighth Amendment failure to protect claims against Defendants Cabrera, Rinaudo, and Satlsgayer will be dismissed for failure to state a cognizable claim. The Fourteenth Amendment due process claims will be dismissed due to improper joinder. The remaining Defendants will be dismissed either for failure to state a causal link between the Defendant and the claim or failure to properly allege supervisor liability.

Plaintiff successfully alleged an Eighth Amendment excessive force claim against Arredondo. Plaintiff successfully alleged a First Amendment retaliation claim against Arredondo. The Eighth Amendment failure to protect claim against Hernandez is also valid. The Eighth Amendment deliberate indifference claim against Saltsgayer is cognizable.[1]

**A.     Joinder**

Federal Rule of Civil Procedure 18(a) limits the joinder of claims, whereas Federal Rule of Civil Procedure 20(a) limits the joinder of parties in a single lawsuit. Rule 18(a) states: "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." Rule 20(a)(2) states: "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of

---

[1] Plaintiff seems to allege deliberate indifference to serious medical needs by unnamed "medical staff." See ECF No. 17 at 15. If Plaintiff wishes to include other Defendants in his Eighth Amendment deliberate indifference claim, he must allege specific actions by specific individuals. Plaintiff may clarify or add claims in an amended complaint.

transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."

Courts have recognized that when multiple parties are named, the analysis under Rule 20 precedes that under Rule 18. See Herndon v. Mich. Dep't of Corr., 2021 WL 1559156 at *2 (W.D. Mich. April 12, 2021).

> Rule 20 deals solely with joinder of parties and becomes relevant only when there is more than one party on one or both sides of the action. It is not concerned with joinder of claims, which is governed by Rule 18. Therefore, in actions involving multiple defendants Rule 20 operates independently of Rule 18 . . . .
>
> Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all.
>
> Id. (citing 7 Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 1655 (3d ed. 2001), quoted in Proctor v. Applegate, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009), and Garcia v. Munoz, No. 08-1648, 2008 WL 2064476, at *3 (D.N.J. May 14, 2008); see also United States v. Mississippi, 380 U.S. 128, 142–43 (1965)).

Permissive joinder under Rule 20 "is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency, 558 F.2d 914, 917 (9th Cir. 1997). The purpose of Rule 20 is to address the "broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties, and remedies is strongly encouraged." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966). Rule 20 sets forth two specific requirements for permissive joinder: "(1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence or series of transactions or occurrences; and (2) some question of law or fact common to all parties must arise in the action." Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371, 1375 (9th Cir. 1980) (citing League to Save Lake Tahoe, 558 F.2d at 917).

/ / /

/ / /

/ / /

As to the first requirement, courts assess the facts of each case individually to determine whether joinder is sensible in light of the underlying policies of permissive party joinder. Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997). "The 'same transaction' requirement of Rule 20 refers to 'similarity in the factual background of a claim; claims that arise out of a systematic pattern of events' and have a 'very definite logical relationship.'" Hubbard v. Hougland, 2010 WL 1416691, at *7 (E.D. Cal. Apr. 5, 2010) (quoting Bautista v. Los Angeles Cnty., 216 F.3d 837, 842-843 (9th Cir. 2000)). Additionally, "the mere fact that all [of a plaintiff's] claims arise under the same general law does not necessarily establish a common question of law or fact." Coughlin, 130 F.3d at 1351.

As to the second requirement, commonality under Rule 20 is not a particularly stringent test. See Johnson v. Shaffer, 2013 WL 140115, at *2 (E.D. Cal. Jan. 10, 2013) (citing Bridgeport Music, Inc. v. 11 C Music, 202 F.R.D. 229, 231 (M.D. Tenn. 2001)). The Rule requires only a single common question, not multiple common questions. Fed. R. Civ. P. 20 ("any question of law or fact common to . . ."). "The common question may be one of fact or of law and need not be the most important or predominant issue in the litigation." Johnson, 2013 WL 140115, at *2 (citing Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974)). And even if a court finds that the requirements have been met, "a district court must examine whether permissive joinder would 'comport with principles of fundamental fairness' or would result in prejudice to either side." Coleman v. Quaker Oats Co., 232 F.3d 1271, 1296 (9th Cir. 2000) (citing Desert Empire Bank, 623 F.2d at 1375 (finding that the district court did not abuse its discretion when it severed certain plaintiff's claims without finding improper joinder)).

In this case, joinder of the Fourteenth Amendment due process claims with the First and Eighth Amendment claims would be improper because the due process claims will involve significant individualized attention. Coal. for a Sustainable Delta v. U.S. Fish & Wildlife Serv., No. 1:09-CV-480 OWW GSA, 2009 WL 3857417, at *7 (E.D. Cal. Nov. 17, 2009) (quoting Coughlin, 130 F.3d at 1351) ("Where claims require significant 'individualized attention,' they do not involve 'common questions of law or fact.'"). The due process claims will involve a detailed factual inquiry into the disciplinary hearing process, which is unnecessary for

5

the other claims. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (finding that with respect to prison disciplinary proceedings, due process requires prison officials to provide the inmate with: (1) a written statement at least 24 hours before the disciplinary hearing that includes the charges, a description of the evidence against the inmate, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate). The due process claims will also not involve an inquiry into the assault on October 12, 2020, as the due process violations only occur during or shortly before the proceeding. See id. However, from the facts alleged, it seems Plaintiff has a cognizable due process claim.[2] Because joinder of the due process claims with the remaining claims is improper, the due process claims will be severed from the present suit. Therefore, the due process claims become a new and independent case and will be evaluated in a separate order. See Herklotz v. Parkinson (9th Cir. 2017) 848 F.3d 894 (citing Gaffney v. Riverboat Servs. of Ind., 451 F.3d 424, 441 (7th Cir. 2006); E.S. v. Indep. Sch. Dist., 135 F.3d 566, 568 (8th Cir. 1998); United States v. O'Neill, 709 F.2d 361, 368 (5th Cir. 1983)).

### B. Eighth Amendment Failure to Protect

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Prison conditions may be restrictive, but prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994).

Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Id. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation if prison officials know of and disregard a substantial risk of serious harm to the plaintiff. E.g., Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040. "Whether a prison

---

[2] This is not a screening determination, but rather an indication that Plaintiff's due process claims seem to state a viable due process claim.

1  official had the requisite knowledge of a substantial risk is a question of fact subject to
2  demonstration in the usual ways, including inference from circumstantial evidence, [and] a
3  factfinder may conclude that a prison official knew of a substantial risk from the very fact that the
4  risk was obvious." Farmer, 511 U.S. at 842.

5        To establish a violation of this duty, the prisoner must establish that prison
6  officials were "deliberately indifferent to a serious threat to the inmate's safety." Id. 834.  The
7  question under the Eighth Amendment is whether prison officials, acting with deliberate
8  indifference, exposed a prisoner to a sufficiently "substantial risk of serious harm" to his or her
9  future health. Id. at 843 (citing Helling v. McKinney, 509 U.S. 25, 35(1993)).

10       As touched upon earlier, "deliberate indifference entails something more than
11 mere negligence...[but] something less than acts or omissions for the very purpose of causing
12 harm or with the knowledge that harm will result." Farmer, 511 U.S. at 835.  The Court defined
13 this "deliberate indifference" standard as equal to "recklessness," in which "a person disregards a
14 risk of harm of which he is aware." Id. at 836-37.  The deliberate indifference standard involves
15 both an objective and a subjective prong.  First, the alleged deprivation must be, in objective
16 terms, "sufficiently serious." Id. at 834.  Second, subjectively, the prison official must "know of
17 and disregard an excessive risk to inmate health or safety." Id. at 837; Anderson v. Cnty. of Kern,
18 45 F.3d 1310, 1313 (9th Cir. 1995).  To prove knowledge of the risk, however, the prisoner may
19 rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to
20 establish knowledge. Farmer, 511 U.S. at 842; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir.
21 1995).

22       Plaintiff fails to state a failure to protect claim against Defendants Cabrera,
23 Rinaudo, and Saltsgayer because he did not show that these Defendants subjectively knew that
24 Plaintiff was experiencing sufficiently serious harm. Farmer, 511 U.S. at 837; Anderson, 45 F.3d
25 at 1313.  Plaintiff is inconsistent in describing who was present when he regained consciousness
26 but does allege that he suffered sufficiently serious injuries during the assault. See ECF No. 17 at
27 5-6, 14.  However, Plaintiff's claims fail for two reasons.  First, Plaintiff does not show that these
28 Defendants had actual knowledge of his serious harm since the facts plead do not suggest these

individuals saw the assault itself and Plaintiff does not show how they would otherwise know of the extent of his injuries. See Farmer, 511 U.S. at 835. Second, because Plaintiff has not shown that these Defendants possessed the requisite knowledge, they could not have deliberately disregarded Plaintiff's serious harm. See id. at 837; Anderson v. Cnty. of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995). Therefore, the Eighth Amendment failure to protect claims against Cabrera, Rinaudo, and Saltsgayer are dismissed.

### C. Supervisor Liability

Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act. See Redman v. Cnty. of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 662 U.S. at 676.

///

///

The following Defendants are identified as supervisors employed by High Desert State Prison: R. Silva, Sergeant; J. Pickett, Chief Deputy Warden; R. Perry, Associate Warden; Renner, CC II; R. Alkine, Lieutenant; Wallace, Lieutenant. ECF No. 17 at 3-4. In each case, Plaintiff fails to allege that these Defendants individually participated in violations of Plaintiff's civil rights.

### *i.      Defendant R. Silva*

Plaintiff alleges that Defendant Silva approved the RVR results while knowing of the assault, thereby participating in the retaliation. See ECF No. 17 at 10-11. This is insufficient because it merely presents a conclusory allegation, rather than specifically alleging that Silva was acting with the intent to retaliate against Plaintiff for filing the grievance. See Ivey, 673 F.2d at 268.

### *ii.      Defendant J. Pickett*

Plaintiff alleges that Defendant Pickett is involved in the retaliation by refusing to disclose the results of the staff misconduct investigation because staff personnel matters are confidential in nature. See ECF No. 17 at 10. This is a vague allegation that does not specify how Pickett violated Plaintiff's civil rights. See Ivey, 673 F.2d at 268.

### *iii.      Defendant R. Perry*

Plaintiff alleges that Defendant Perry reviewed the incident package and chose to conceal evidence of the assault. See ECF No. 17 at 12. While Plaintiff does allege that Perry viewed a videotape recording of the assault, Plaintiff only provides a conclusion that Perry decided to conceal evidence, which is insufficient for supervisor liability. See Ivey, 673 F.2d at 268.

### *iv.      Defendant Wallace*

Plaintiff includes only brief mentions of Defendant Wallace. Plaintiff alleges that Wallace reviewed the disciplinary report and concealed exculpating evidence. See ECF No. 17 at 12, 14. These are vague and conclusory allegations and therefore are not sufficient to impose supervisor liability. See Ivey, 673 F.2d at 268.

///

**D.     Causal Connection**

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey, 673 F.2d at 268. Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). For the reasons described below, Plaintiff fails to assert a causal connection to an alleged constitutional deprivation by Defendants Mossman, Moseley, Watkins, Albonico, Sieberg, Williams, Krause, and Sevy,.[3]

*i.     Defendant C. Mossman*

Plaintiff alleges that Defendant Mossman requested an incident report of the assault, meaning that Mossman knew of Plaintiffs injuries, and chose to conceal the assault. See ECF No. 17 at 11. Plaintiff merely presents a conclusion without explaining how or why Mossman concealed the assault, which is insufficient to support a causal connection. See Ivey, 673 F.2d at 268.

/ / /

/ / /

/ / /

/ / /

---

[3] The analysis of causal link is included in the analysis for supervisor liability. See Fayle, 607 F.2d at 862; Mosher, 589 F.2d at 441 (holding that when a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged). Therefore, Defendants analyzed in the above supervisor liability section will not be reviewed again. Additionally, Defendants who are alleged to have deprived Plaintiff of his due process rights will not be evaluated, as those claims cannot be joined in this lawsuit.

     *ii.*  *Defendant Watkins*

    Plaintiff alleges that Defendant Watkins concealed the Audio Video Surveillance System ("AVSS") video that captured the assault. ECF No. 17 at 11. Again, Plaintiff fails to show a causal connection because his complaint presents only a conclusion without explaining how or why Watkins concealed the AVSS evidence. See Ivey, 673 F.2d at 268.

     *iii.*  *Defendants Albonico and Sieberg*

    Plaintiff claims that Defendants Albonico and Sieberg knew of Plaintiff's assault, reviewed the AVSS video of the assault, and noted his injuries. ECF No. 17 at 11-12. Plaintiff alleges that both parties remained silent about his treatment. Id. at 12. There is no causal connection to either Albonico or Sieberg because Plaintiff does not allege that either Defendant was legally required to act. Johnson, 588 F.2d at 743.

     *iv.*  *Defendant Williams*

    Plaintiff alleges that Defendant Williams engaged in retaliation because he did not perform his own investigation, but only affirmed what was written in Defendant Watkins's report. See ECF No. 17 at 12. However, Plaintiff's complaint dose not explain how Williams's actions deprived Plaintiff of his civil rights, thus there is no causal connection. See Ivey, 673 F.2d at 268.

     *v.*  *Defendant Krause*

    Plaintiff alleges that Defendant Krause knew the initial report of the incident was fabricated and reviewed Defendant Cabrera's supplemental report. See ECF No. 17 at 12. Plaintiff concludes that Krause knew the initial report was false without adding any explanation as to how Krause knew it was false or why Krause's review of the report impacted Plaintiff's civil rights. See Ivey, 673 F.2d at 268.

     *vi.*  *Defendant M. Sevy*

    Plaintiff alleges that Defendant Sevy signed a chrono alleging that Plaintiff failed to attend a disciplinary hearing. ECF No. 17 at 13. Although Plaintiff alleges that Sevy has a history of giving inmates "favors" for information on other inmates, Plaintiff does not allege that Sevy acted with any specific intent when he signed the chrono. See Leer, 844 F.2d at 634.

///

       *vii.*    *Defendant Howard E. Moseley*

Plaintiff alleges that Defendant Moseley began the retaliation by purposely letting the time lapse on Plaintiff's grievance, meaning that no action would be taken by the department. See ECF No. 17 at 9-10. Again, Plaintiff fails to allege specific intent by Defendant Moseley to retaliate against Plaintiff. See Ivey, 673 F.2d at 268.

### III. CONCLUSION

Plaintiff has two options. First, he can elect to proceed on the amended complaint's Eighth Amendment excessive force claim against Defendant Arredondo, the First Amendment retaliation claim against Defendant Arredondo, the Eighth Amendment failure to protect claim against Defendant Hernandez, and the Eighth Amendment deliberate indifference claim against Defendant Saltsgayer. The due process claims will be severed and will proceed as a separate suit. The remaining claims will be dismissed without prejudice and will move forward with the claims identified above. Second, Plaintiff can file a second amended complaint to clarify the claims or cure the defects identified above for the current lawsuit.

Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson, 588 F.2d at 743.

/ / /

/ / /

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claim.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a second amended complaint within 30 days of the date of service of this order or elect to proceed on the cognizable claim.

Dated: April 20, 2022

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

13