1
2
3
4
5
6
7
8            **IN THE UNITED STATES DISTRICT COURT**
9           **FOR THE EASTERN DISTRICT OF CALIFORNIA**
10

11   DENNIS THOMAS,                          No.  2:21-CV-1638-DJC-DMC-P

12                  Plaintiff,

13          v.                               ORDER

14   HERNANDEZ, et al.,

15                  Defendants.

16

17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983.  Pending before the Court is Plaintiff's motion for the appointment of counsel

19   and for postponement of his case, ECF No. 37.

20          The United States Supreme Court has ruled that district courts lack authority to

21   require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist.

22   Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the Court may request the

23   voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935

24   F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

25   A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success

26   on the merits and the ability of the plaintiff to articulate his claims on his own in light of the

27   complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is

28   dispositive and both must be viewed together before reaching a decision.  See id.  In Terrell, the

1  Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment

2  of counsel because:

3        . . . Terrell demonstrated sufficient writing ability and legal knowledge to
       articulate his claim.  The facts he alleged and the issues he raised were not
4      of substantial complexity.  The compelling evidence against Terrell made it
       extremely unlikely that he would succeed on the merits.
5
6        Id. at 1017.

7        In the present case, the Court does not at this time find the required exceptional

8  circumstances to request counsel.  Plaintiff's motion requests an attorney to "get things" Plaintiff

9  needs to fight his case.  ECF No. 17.  Plaintiff does not explain what things he needs or how an

10  attorney is necessary to obtain those things.  See id.

11       Plaintiff alleges cruel and unusual punishment; his case does not immediately raise

12  any extraordinary complexities.  See ECF No.1.  Plaintiff also demonstrated sufficient ability to

13  articulate his claims through writing a coherent complaint.  See id.  At the current stage of the

14  proceedings before any discovery or dispositive motions, Plaintiff has not shown any particular

15  likelihood of success on the merits.  Consequently, Plaintiff has failed to demonstrate the

16  existence of exceptional circumstances.

17       Plaintiff also seeks postponement of these proceedings.  Plaintiff does not,

18  however, explain why the matter should be stayed or for how long.  In any event, a 120-day stay

19  of these proceedings was imposed on October 6, 2023, pending a settlement conference which

20  has been set for March 19, 2024, before the Hon. Jeremy D. Peterson.

21       Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for the

22  appointment of counsel and postponement of proceedings, ECF No. 37, is DENIED.

23

24  Dated:  December 12, 2023

25                                        _____
                                         DENNIS M. COTA
26                                       UNITED STATES MAGISTRATE JUDGE

27

28

                                         2