1

2

3

4

5

6

7

8                              **IN THE UNITED STATES DISTRICT COURT**

9                            **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11     DENNIS THOMAS,                              No.  2:21-CV-1638-DJC-DMC-P

12                    Plaintiff,

13            v.                                    ORDER

14     HERNANDEZ, et al.,

15                    Defendants.

16

17            Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18     42 U.S.C. § 1983.  Pending before the Court is Plaintiff's motion for an extension of time to

19     respond to discovery requests and to file an amended complaint.  See ECF No. 48.  Defendants

20     have filed a response.  See ECF No. 49.

21            Turning first to discovery, Plaintiff seeks additional time to serve responses to

22     Defendants' discovery requests.  As outlined in defense counsel's declaration filed in response to

23     Plaintiff's motion, Defendants served interrogatories, requests for production of documents, and

24     requests for admissions on Plaintiff on June 4, 2024.  See ECF No. 49-1 (Kozina declaration).

25     Pursuant to the Court's March 25, 2024, discovery and scheduling order, responses were due by

26     July 19, 2024.  See ECF No. 43.  Plaintiff did not serve responses by this deadline.  See ECF No.

27     49-1.  At Plaintiff's deposition on August 21, 2024, outstanding discovery responses were

28     discussed, and defense counsel agreed to an extension of time to September 13, 2024, to file

                                                        1

1 responses to Defendants' interrogatories and requests for production of documents.  See id.

2 Counsel did not, however, agree to extend the time for Plaintiff to respond to their requests for

3 admissions because, as of the date of the deposition, responses were late, and matters were

4 deemed admitted pursuant to the Federal Rules of Civil Procedure.  See id.

5         Defendants do not oppose granting additional time to respond to interrogatories

6 and requests for production, but oppose granting additional time to respond to requests for

7 admissions because  responses were late as of the date Plaintiff filed his request for additional

8 time, matters have been deemed admitted, and Plaintiff has not demonstrated good cause why  he

9 should be granted relief pursuant to Federal Rule of Civil Procedure 36(a)(3).  Given Defendants'

10 non-opposition, the Court will extend the time for Plaintiff to respond to Defendants'

11 interrogatories and requests for production of documents.  The Court will also extend the time to

12 file motions to compel related to such responses.  Defendants' position with respect to requests for

13 admissions is persuasive and the Court will not, on the current motion, extend the time for

14 Plaintiff to respond. To the extent Plaintiff seeks relief from the provisions of Rule 36 as to

15 matters deemed admitted, any such motion must be filed by the current discovery cut-off deadline

16 of November 29, 2024, as provided in the Court's March 25, 2024, discovery and scheduling

17 order.

18         Turning next to amendment of the operative first amended complaint at ECF No.

19 17, Plaintiff current motion seeks additional time to prepare an amended complaint.  The Federal

20 Rules of Civil Procedure provide that a party may amend his or her pleading once as a matter of

21 course within 21 days of serving the pleading or, if the pleading is one to which a responsive

22 pleading is required, within 21 days after service of the responsive pleading, see Fed. R. Civ. P.

23 15(a)(1)(A), or within 21 days after service of a motion under Rule 12(b), (e), or (f) of the rules,

24 whichever time is earlier, see Fed. R. Civ. P. 15(a)(1)(B).  In all other situations, a party's

25 pleadings may only be amended upon leave of court or stipulation of all the parties. See Fed. R.

26 Civ. P. 15(a)(2).  Under this Court's local rules, a motion for leave to amend must be

27 accompanied by a proposed amended complaint filed as an exhibit to the motion.  See E. Dist.

28 Cal. Local Rule 137(c).

1    Where leave of court to amend is required and properly sought, the Court

2    considers the following factors: (1) whether there is a reasonable relationship between the original

3    and amended pleadings; (2) whether the grant of leave to amend is in the interest of judicial

4    economy and will promote the speedy resolution of the entire controversy; (3) whether there was

5    a delay in seeking leave to amend; (4) whether the grant of leave to amend would delay a trial on

6    the merits of the original claim; and (5) whether the opposing party will be prejudiced by

7    amendment.  See Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990).  Leave to

8    amend should be denied where the proposed amendment is frivolous.  See DCD Programs, Ltd. v.

9    Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

10    Here, leave of court is required in order to file an amended complaint because

11    more than 21 days have passed since Defendants filed their answer to the operative first amended

12    complaint on September 20, 2023.  To the extent Plaintiff's current motion seeks leave to file an

13    amended complaint, the request will be denied because Plaintiff has neither explained why an

14    amendment is warranted nor provided the Court with a proposed amended complaint as required

15    by Local Rule 137(c).  To the extent Plaintiff seeks additional time to file a motion for leave to

16    amend, the request will be denied as unnecessary because Plaintiff may seek leave to amend at

17    any time upon a proper showing.

18    Accordingly, IT IS HEREBY ORDERED as follows:

19    1.    Plaintiff's motion for an extension of time to respond to Defendants'

20    interrogatories and requests for production of documents is granted.

21    2.    Plaintiff shall serve responses to Defendants' interrogatories and requests

22    for production of documents within 30 days of the date of this order.

23    3.    Any motion to compel associated with Defendants' interrogatories and

24    requests for production of documents must be filed within 30 days of the date of service of

25    Plaintiff's responses or expiration of the time to respond as provided above.

26    4.    Plaintiff's motion for an extension of time to respond to Defendants'

27    requests for admissions is denied.

28    ///

5.      Any motion for relief from the provisions of Federal Rule of Civil Procedure 36(a)(3) as to unanswered requests for admissions must be filed by the current discovery cut-off deadline of November 29, 2024.

6.      Dispositive motions remain due within 120 days of November 29, 2024.

7.      The Clerk of the Court is directed to terminate ECF No. 48 as a pending motion.


Dated:  November 15, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

4